■ In the Matter of LAURENCE HOLZMAN, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—In this CPLR article 78 proceeding transferred to this court by order, Supreme Court, New York County (Wallace Cotton, J.), entered on or about August 21, 1987, the petition is granted to the extent of annulling the respondent's determination of petitioner's guilt and imposition of a penalty on disciplinary charge No. 58366/85, and the determination of the Commissioner finding petitioner guilty of the remaining disciplinary charges and imposing a penalty of 60 days' suspension and one year's probation is otherwise confirmed and the petition otherwise dismissed, without costs.

Petitioner police officer was charged with eight separate disciplinary charges for a variety of incidents of misconduct, which occurred between January and March 1985, ranging from the charge of wrongfully possessing official records and furnishing them to an unauthorized person to offenses such as unexcused absences from his post. After a hearing, the Hearing Officer found petitioner guilty as charged and recommended a penalty of dismissal from the force. The Police Commissioner approved the findings of the Hearing Officer, but reduced the penalty to 60 days' suspension and one year's probation.

As the respondent concedes, the finding of guilt on charge No. 58366/85, which charges lateness for duty on two separate occasions and improper entries in the sign-in log, should not be sustained because the evidence before the Hearing Officer was uncontroverted that the latenesses were excused by superiors and the improper log entry was an oversight. Accordingly, we annul the Commissioner's determination of guilt as to this charge. However, since the penalty of five days' suspension on this charge was to run concurrently with the penalties on the other charges, we do not disturb the ultimate penalty, which aggregated to 60 days' suspension.

We have examined the record on the other charges and find that the respondent's determination as to these charges was supported by substantial evidence, and therefore the article 78 petition, insofar as it challenges these remaining charges, must be dismissed. Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.